UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

------------------------------------------------------------

In re:

   *Harriet J. Lewis,*

        Debtor.

------------------------------------------------------------

              BKY 26-40575 WJF

              Chapter 13 Case

### TRUSTEE'S OBJECTION TO CONFIRMATION
### OF CHAPTER 13 PLAN

TO:  All parties in interest pursuant to Local Rule 9013-3:

1.  Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), by and through his undersigned attorneys, moves the court for the relief requested below and gives notice of hearing.

2.  The Court will hold a hearing on this motion at 9:00 a.m. on Thursday, July 16, 2026. The hearing will be conducted telephonically.  Please contact Judge Fisher's Courtroom Deputy by email at mnb_fisher_hearings@mnb.uscourts.gov or by telephone at 651-848-1061 to obtain the dial-in information. Dial-in instructions for telephonic hearings will also be displayed the day prior to the hearing on Judge Fisher's public calendar here: https://www.mnb.uscourts.gov/judges-calendars. Any person wanting to appear in person must contact Judge Fisher's Courtroom Deputy at 651-848-1061 at least 48 hours prior to the hearing.

3.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

4.  This motion arises under 11 U.S.C. §§ 521, 1322, 1323 and 1325 and Bankruptcy Rule 3015.  This motion is filed under Bankruptcy Rule 9014 and Local Rules 3015-1, 9006-1, 9013-1 through 9013-4, and such other Local Rules as may apply.  Movant requests relief with respect to denial of confirmation of the debtor's proposed, pre-confirmation modified Chapter 13 plan dated June 6, 2026, and filed on June 8, 2026 (the "Plan").  *See* ECF No. 60.

5.  The debtor should identify all affected security interest holders in part 1.2. Further, the debtor did not properly complete part 2.  Total payments received to date by the trustee is $1,000.00, and the debtor did not fill in the number of months of payments column in part 2.2.

6.  The plan included Patio Park Association in part 8.2 as a priority claim.  This is a secured claim and should be included in part 5 of the plan.

7.        The plan is also underfunded.  Minnesota Department of Revenue filed priority Proof of Claim #1 in the amount of $55.82 for tax year 2024, and #10 in the amount of $2,404.00 for tax year 2025.  The plan provides for payments in the amount of $55.82 to Minnesota Department of Revenue.  Additionally, the Internal Revenue Service filed priority Proof of Claim #11 in the amount of $2,890.35 for tax years 2023 and 2025.  The plan has not provided anything for the payment of that claim.  Upon information and belief the debtor will be or has objected to the claims filed by Fifth Third Bank, Magnifi, and Patio Park Association.  If the debtor is unsuccessful in those objections the plan may be further under funded.

8.        The math in part 6.1 does not work; 35 payments in the amount of $315 each equals $11,025.

9.        Minnesota Department of Revenue filed priority proof of claim number 1 in the amount of $55.82 and Patio Park Association (who is included in part 4 of the plan) filed proof of claim number 3 listing arrears in the amount of $27,732.17.  The plan does not provide treatment for either of these claims and should be modified to add same.

10.        The plan also fails the best efforts test.  According to amended Schedule I the debtor has monthly net income of $600.00 per month but the plan payments are only $300.00 per month.  Because the debtor is not contributing all of her monthly net income to plan payments, the plan fails to satisfy 11 U.S.C. § 1325(b).

This motion incorporates by reference the Debtor's statements and schedules on file herein, as well as testimony provided at the 341 meeting of creditors.

WHEREFORE, the trustee requests an order denying confirmation of the debtors' proposed chapter 13 plan, and such other relief as to the court appears just and equitable.

Dated: July 2, 2026

Gregory A. Burrell, Chapter 13 Trustee
/e/ *Heather M. Forrest*
Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest, # 398764
Counsel for Chapter 13 Trustee
100 South Fifth Street, Ste. 480
Minneapolis, MN  55402
(612) 338-7591
hmf@ch13mn.com

VERIFICATION

I, Heather M. Forrest, employed by Gregory A. Burrell, chapter 13 trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed:  July 2, 2026                              /e/ Heather M. Forrest

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

-------------------------------------------------------------
In re:

          *Harriet J. Lewis,*

                   Debtor.
-------------------------------------------------------------

BKY 26-40575 WJF

Chapter 13 Case

UNSWORN DECLARATION FOR PROOF OF SERVICE

The undersigned, employed by Gregory A. Burrell, Chapter 13 Trustee, declares that on July 2, 2026, I caused to be served the Trustee's Objection to Confirmation of Chapter 13 Plan, and proposed Order Denying Confirmation of Chapter 13 Plan on all filing users in this case by electronic mail, as disclosed on the Notice of Electronic Filing herein, and on the individuals listed below, in the manner described:

By first class U.S. mail, postage prepaid

Harriet J. Lewis
PO Box 29581
Brooklyn Center, MN 55429

And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: July 2, 2026                                */e/ Heather M. Forrest*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---------------------------------------------------------

In re:

                                               BKY 26-40575 WJF

    *Harriet J. Lewis,*

                                               Chapter 13 Case

                  Debtor.

---------------------------------------------------------

ORDER DENYING CONFIRMATION OF PLAN

The above-entitled matter came on for hearing before the undersigned United States Bankruptcy Judge on the Chapter 13 Trustee's objection to confirmation of chapter 13 plan.

Appearances were noted in the minutes.

Upon the foregoing objection, arguments of counsel, and all of the files, records and proceedings herein:

IT IS ORDERED:

1.    The trustee's objection to confirmation of the debtor's pre-confirmation modified Chapter 13 plan dated March 20, 2026, and filed on March 24, 2026, is **SUSTAINED**.

2.    Confirmation of the debtor's plan is **DENIED**.

Dated:

                         _____

                         William J. Fisher
                         United States Bankruptcy Judge